1

2

3

4

5

6        IN THE UNITED STATES DISTRICT COURT

7

8        FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   UNITED HEALTHCARE SERVICES, INC.,        No. C 12-6154 JSW

11                    Plaintiff,              **AMENDED ORDER DENYING**
                                              **MOTION FOR REVIEW OF CLERK'S**
12      v.                                    **TAXATION OF COSTS**

13   DIANE RENTON,

14                    Defendant.
                                          /
15

16

17          Now before the Court is the motion to review the Clerk's taxation of costs filed by

18   Defendant Diane Renton.  The Court has considered the parties' papers, relevant legal authority,

19   and the record in this case, and concludes that the matter is suitable for disposition without oral

20   argument.  Accordingly, the hearing set for October 11, 2013 is HEREBY VACATED.  For the

21   reasons set forth in the remainder of this Order, Defendant's motion to review the Clerk's

22   taxation of costs is HEREBY DENIED.

23                              **BACKGROUND**

24          Defendant Diane Renton ("Ms. Renton") was employed by Plaintiff United Healthcare

25   Services, Inc. ("UHS") from 2007 until 2011.  (Complaint for Speedy Declaratory Relief

26   ("Compl.") ¶¶ 11, 14.)  While employed by UHS, Ms. Renton allegedly agreed to arbitrate

27   disputes arising out of her employment.  (*Id.* ¶ 13.)  Following the termination of her

28   employment, Ms. Renton initiated three administrative complaints against UHS.  (*Id.* ¶ 15.)  On

     December 4, 2012, UHS filed a complaint in this Court, seeking a declaratory judgment

     requiring Ms. Renton to arbitrate disputes related to her employment.  (*Id.* ¶ 40.)  On April 4,

**United States District Court**
For the Northern District of California

2013, Ms. Renton moved to dismiss the case on ripeness grounds. On May 21, 2013, the Court granted Ms. Renton's motion. On June 19, 2013, the Clerk taxed costs against UHS in the amount of $3.12, disallowing Ms. Renton's other claimed costs. Ms. Renton now moves the Court to review the Clerk's taxation of costs.

The Court shall address additional facts as necessary to its analysis in the remainder of this Order.

**ANALYSIS**

**A.      Legal Standard Applicable to Review of Taxation of Costs.**

Under 28 United States Code § 1920, a judge or clerk of the court may tax costs for the following expenses:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

*Id.* Before a party can be awarded costs, she must prove that each item claimed "is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed." 28 U.S.C. § 1924. In this District, Local Rule 54 specifically enumerates the standards that must be met before costs are recoverable. Importantly, the Court is not empowered to exceed the limitations set forth in § 1920, instead it has "solely a power to decline to tax, as costs, the items enumerated in § 1920." *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987).

Federal Rule of Civil Procedure 54(d) creates a presumption that costs will be awarded to the prevailing party, and places the burden on the losing party to demonstrate why costs should not be awarded. *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999). However, the party seeking costs bears the burden of "establish[ing] the amount of

compensable costs and expenses to which it is entitled." *City of Alameda v. Nuveen Mun. High Income Opportunity Fund*, Nos. C 08–4575 SI, C 09–1437 SI, 2012 WL 177566, at *1 (N.D. Cal. Jan. 23, 2012) (quoting *Allison v. Bank One-Denver*, 289 F.3d 1223, 1248-49 (10th Cir. 2002)).

When a party seeks review of the Clerk's taxation of costs, the Court reviews the Clerk's determination de novo. *Lopez v. San Francisco Unified Sch. Dist.*, 385 F. Supp. 2d 981, 1001 (N.D. Cal. 2005).

**B.     The Claimed Costs Are Not Recoverable.**

Ms. Renton asks that the Court review the Clerk's denial of the majority of her claimed costs.  Specifically, Ms. Renton claimed $85.35 in printing costs, of which the Clerk approved $3.12. (Plaintiff's Opposition to Defendant's Motion for Review of Clerk's Taxation of Costs at 4.)  Ms. Renton also claimed "other" costs in the amount of $432.32 for miscellanea such as phone calls, legal research, travel expenses, and courier service to UHS.  (Attachment to Bill of Costs at 1-2.)  The Clerk denied Ms. Renton's motion to tax these costs.  The Court will address each claimed cost in turn.

First, Ms. Renton seeks recovery of the remaining $82.23 for printing costs.  However, Ms. Renton failed to provide documentation detailing how she incurred these charges or why they were necessary.  Therefore, Ms. Renton cannot recover the remainder of her printing costs because they are not supported by appropriate documentation. *See* Civil L.R. 54-1(a).

Second, Ms. Renton seeks recovery of $146.80 for PACER use and research costs.  The Ninth Circuit holds that  charges incurred through computerized legal research are properly recoverable as attorney's fees. *Trs. of the Constr. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1259 (9th Cir. 2006).  They are not, however, included in § 1920 as recoverable costs.  Therefore, Ms. Renton cannot recover this cost. *See Crawford Fitting*, 482 U.S. at 442.

Third, Ms. Renton seeks recovery of $4.00 in telephone costs.   Because this is not a recoverable expense under § 1920, Ms. Renton cannot recover this cost.

United States District Court

For the Northern District of California

Fourth, Ms. Renton seeks a total of $23.53 in postage and faxing costs.  Because these are not recoverable expenses under § 1920, Ms. Renton cannot recover these costs.

Fifth, Ms. Renton seeks recovery of a total of $218.99 in travel costs.  Because these are not recoverable expenses under § 1920, Ms. Renton cannot recover these costs.

Finally, Ms. Renton seeks recovery of a total of $39.00 in messenger costs.  Again, this expense is not enumerated in § 1920, and therefore the Court has no discretion to award recovery.  *Id.*

Accordingly, the Court DENIES Ms. Renton's motion to review the Clerk's taxation of costs.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion for review of Clerk's taxation of costs.

**IT IS SO ORDERED.**

Dated:   September 24, 2013

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

United States District Court

For the Northern District of California

4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

UNITED HEALTHCARE SERVICES,

       Plaintiff,

  v.

DIANE RENTON et al,

       Defendant.

_____/

Case Number: CV12-06154 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 24, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Diane Renton
120 Village Square #147
Orinda, CA 94563-2502

Dated: September 24, 2013

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk

United States District Court

For the Northern District of California